UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS TIGUILA CUA,<br><br>                      Petitioner,<br><br>v.<br><br>PAMELA J. BONDI, *et al.*,<br><br>                      Respondents. | Case No.: 26-cv-749-JO-VET<br><br>**MINUTE ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]** |

      Nicolas Tiguila Cua, a citizen of Guatemala, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention without a bond hearing. *See* Dkt. 1 ("Pet.").

      1.    Petitioner entered the United States on or about January 1, 2000 and has resided continuously in the country since that time. Dkt. 1-3 at 2. Twenty-six years later, on or about January 16, 2026, Immigration and Customs Enforcement officers detained Petitioner at the San Clemente Border Patrol checkpoint and initiated removal proceedings against him under § 240 of the Immigration and Nationality Act. *See id.*; Pet. ¶¶ 2, 7. Since then, he has continuously been detained at the Otay

Mesa Detention Center. *Id.* ¶ 3.

2. For the reasons stated in *Pacheco v. LaRose*, No. 3:25-CV-2421-JO-AHG, 2026 WL 242300, *2–*3 (S.D. Cal. Jan. 29, 2026), the Court finds that 8 U.S.C. §§ 1252(g), (a)(5), and (b)(9) do not bar Petitioner's collateral challenge to the constitutionality and legality of his current detention.

3. Respondents concede that Petitioner is detained under 8 U.S.C. § 1226 and is entitled to a bond hearing under *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). *See* Dkt. 6 at 2.

For the reasons stated above, the Court GRANTS the habeas petition [Dkt. 1] and ORDERS as follows:

1. By February 26, 2026, Respondents SHALL provide Petitioner with an individualized bond hearing before a neutral immigration judge where the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk that cannot reasonably be addressed by bond or conditional release. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011). Respondents SHALL NOT deny Petitioner bond on the basis that 8 U.S.C. § 1225(b) requires or authorizes mandatory detention. The immigration judge must consider Petitioner's financial circumstances and alternatives to bond as necessary in setting conditions of release. *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

2. If no hearing occurs by February 26, 2026, Respondents SHALL release Petitioner from custody by 5 p.m. on February 27, 2026.

3. Respondents shall file a declaration by 5 p.m. on March 2, 2026 (i) stating the results of any bond hearing conducted pursuant to this order; or (ii) if no bond hearing was conducted, confirming that Petitioner has been released.

4. Given Respondents' concession that Petitioner is entitled to a bond hearing to justify detention pursuant to 8 U.S.C. § 1226, Respondents are ENJOINED from

redetaining Petitioner during the pendency of his removal proceedings without first providing a bond hearing as set forth above. *See Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011); *Hernandez*, 872 F.3d at 1000.

5. Respondents shall file a declaration attesting to full compliance with these obligations **48 hours prior** to any redetention of Petitioner.

6. The Court's February 19, 2026 hearing on this petition is VACATED.

**IT IS SO ORDERED.**

Dated: February 18, 2026

_____
Honorable Jinsook Ohta
United States District Judge